IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                     **No. CR 05-0429 RB**

**LAWRENCE PROUDLOCK,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's letter to the Court, herein construed as a Motion to Reduce Sentence (Doc. 50), filed on March 4, 2009. Defendant requests a one-year reduction of his ten-year sentence due to his participation in drug treatment and other programs during his incarceration with the Bureau of Prisons ("BOP"). On March 18, 2009, Plaintiff filed a response in opposition to the Motion. Having considered Defendant's request, Plaintiff's response, relevant law, and being otherwise fully informed, the Court finds that Defendant's request should be denied.

**I.   Background.**

On March 9, 2006, Defendant pleaded guilty to importation of 50 kilograms and more of marijuana, in violation of 21 U.S.C. § 952(a), 21 U.S.C. § 960(a)(1), 21 U.S.C. § 960(b)(3), and 18 U.S.C. § 2, and possession with intent to distribute 50 kilograms and more of marijuana, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2. On the same day, Defendant was sentenced to 120 months imprisonment.

Defendant asks the Court to modify the sentence imposed based on his completion of drug

treatment and other programs through the BOP. The Court finds that the request must be denied due to lack of jurisdiction.

**II.     Discussion.**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). The Tenth Circuit has consistently recognized that "a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

Because Defendant's request is neither a direct appeal nor a collateral attack under 28 U.S.C. § 2255, "the viability of his motion depends entirely" on 18 U.S.C. § 3582(c). *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996). Section 3582(c) sets forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35"; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); *see Blackwell*, 81 F.3d at 947-48; *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Simply put, Section 3582(c) is inapplicable.

Defendant has not cited any statute which would authorize the court to modify his sentence. Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of Defendant's sentence at this time. Rule 35 authorizes re-sentencing (a) to correct arithmetical, technical, or other clear error within seven days of sentencing; or (b) to reflect defendant's substantial assistance on motion of the government. *See* Fed. R. Crim. P. 35.

Defendant's situation does not fit within the parameters of Rule 35. Rule 36 authorizes the court to correct clerical-type errors. Rule 36 is inapplicable because Defendant seeks a substantive modification of his sentence, not a correction of a clerical-type error. The Court does not have jurisdiction to substantively modify Defendant's sentence at this time.

**III. Conclusion.**

While the Court appreciates Defendant's efforts to turn his life around and make good use of his time in prison, no legal basis exists that would allow the Court to reduce his sentence. Defendant's motion for sentencing reduction is, therefore, denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 50), filed on March 4, 2009, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**